IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC., and | § | |
| UNILOC LUXEMBOURG, S.A., | § | |
|     Plaintiffs, | § | Civil Action No. 2:16-cv-00741-RWS |
| | § | |
| v. | § | |
| | § | |
| ADP, LLC., | § | |
|     Defendant. | § | |
| | § | |

## RENEWED STIPULATION OF DISMISSAL
## AND JOINT MOTION TO VACATE JUDGMENT

Plaintiffs, Uniloc USA, Inc., and Uniloc Luxembourg S.A. ("Uniloc"), and Defendant, ADP, LLC ("ADP"), hereby jointly move to vacate the Court's judgment as to ADP—but not as to its co-defendant Big Fish Games, Inc.—and stipulate to dismissal of all claims against ADP, with prejudice, pursuant to the conditions detailed in Dkt. No. 273 and as also laid out in the Proposed Order attached hereto. The parties further jointly respond to the Court's Order to provide sufficient particularity as to why vacatur should be granted. *See* Dkt. No. 277.

## I.    DISCUSSION

Importantly, the parties are only asking the Court to vacate the judgment as to ADP, and not as to Big Fish Games, Inc. ("Big Fish") the other defendant that received the identical judgment. *See* Dkt. Nos. 267 & 269. The Big Fish judgment will remain in effect. Uniloc filed a Notice of Appeal of the Big Fish judgment, and thus the Federal Circuit will fully review that judgment. Thus, the only effect of vacating the ADP judgment will be to relieve ADP of the burden of participating in the appeal.

As this Court noted, vacatur is an extraordinary remedy and typically settlement alone does not justify it absent "exceptional circumstances." *Id.* (citing and quoting *U.S. Bancorp Mortg. Co.*

*v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994).   That said, "the [Supreme Court] nonetheless clearly stated that their decision [in *U.S. Bancorp*] did not announce a rule that 'vacatur can never be granted when mootness is produced' by settlement." *Modern Grp. Ltd. v. Pinnacle Companies, Inc.*, No. 1:12-CV-00043, 2013 WL 12139156, at *1 (E.D. Tex. Aug. 2, 2013) (quoting *U.S. Bancorp*, 513 U.S. at 29).

Presently, Uniloc and ADP have conditionally settled their dispute and, to complete that settlement, would like to dismiss ADP from the case.   However, if ADP were dismissed without the Court's Order and Final Judgment being vacated as to ADP, then the Order and Judgment would have preclusive effect as to the rest of the world, including even as to Big Fish.   This would vitiate Uniloc's appeal and bar any further enforcement of the patents in suit.   On the other hand, if the Order and Judgment are vacated as to ADP, those rulings would remain in effect as to the rest of the world (because of the Big Fish judgment) and the appeal as to Big Fish would continue.

As *Modern Group* recognized, "courts have considered factors such as the parties' desire to avoid any potential preclusive effect; the public interest in the orderly operation of the federal judicial system; the court's resources that will be expended if the case continues; and the parties' interests in conserving their resources." *Id.*   Given that the vacatur requested would apply solely to ADP, these factors are either neutral or weigh in favor of granting the parties' Joint Motion.

### A.      The parties' desire to avoid potential preclusive effect and the public's interest in the orderly operation of the judicial system are neutral factors.

*Modern Group* explained "the public has an interest in final settlement of lawsuits, which conserves scarce resources.   On the other hand, Federal courts do not exist to serve as private mediators for litigants.   The orders and judgements of federal courts serve an important interest in guiding future actions of not only the litigants, but of citizens in general.   The public has an additional interest in determining the bounds of a patent, thus providing notice to those skilled in

the art." *Id.* at *2. However, insofar as Uniloc already appealed the Court's Order as to Big Fish; and insofar as the vacatur requested would apply only to ADP; the concern as to the public interest is negated. So too, vacatur as to ADP will not impact the preclusive effect of the Court's Order. Rather, that Order will remain preclusive and will prevent Uniloc from further asserting the patents-in-suit unless the Federal Circuit vacates that Order. As such, the parties' desire to avoid preclusion is neutral.

### B.      Vacatur will reduce future resources expended by the judiciary and so is a positive factor.

If the Court's Order is not vacated as to ADP, then Uniloc will be forced to appeal as to ADP. This additional appeal will add to the resources required of the Federal Circuit in addressing the appeal as to Big Fish. As such, the concern as to court resources weighs in favor of granting vacatur. *Id.* at 1.

### C.      Vacatur will avoid further, unnecessary expenses by the parties and so is a positive factor.

Uniloc and ADP have conditionally settled their dispute. As such, ADP has no interest in participating in the pending appeal of the Court's Order. If that Order is not vacated as to ADP, however, then Uniloc will be forced to appeal as to ADP and ADP will have little choice but to expend some resources towards addressing that appeal. Vacatur as to ADP would negate this issue and so weighs in favor of granting the parties' joint motion to vacate. *Id.* at 2.

## II.      CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court vacate its Judgment entered October 20, 2017 (Docket No. 269) and Order dated September 28, 2017 (Docket No. 267) as to ADP only but not as to any other defendant, and then dismiss all claims by Uniloc against ADP with prejudice pursuant to the parties' stipulation.

Dated:  November 16, 2017                    Respectfully submitted,

                                                               */s/ Aaron S. Jacobs*
Paul J. Hayes (Lead Attorney)
Massachusetts State Bar No. 227000
Kevin Gannon
Aaron S. Jacobs
Massachusetts State Bar No. 640931
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: kgannon@princelobel.com
Email: ajacobs@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nelbum.com
Texas State Bar No. 24061270
**NELSON BUMGARDNER PC**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**

*/s/ Matthew J. Moffa*
William J. McCabe
E-Mail: WMcCabe@perkinscoie.com
Matthew J. Moffa
E-Mail: MMoffa@perkinscoie.com
**PERKINS COIE LLP**
30 Rockefeller Plaza, 22nd Floor
New York, NY  10112-0085
Telephone:  (212) 262-6900
Facsimile:  (212) 977-1649

Victoria Q. Smith
Texas Bar No.:  24075381
E-Mail: VSmith@perkinscoie.com
**PERKINS COIE LLP**
3150 Porter Drive
Palo Alto, CA 95051
Telephone:  (650) 838-4300
Facsimile:  (650) 838-4350

Michael E. Jones
Texas Bar No.:  10929400
E-Mail:  mikejones@potterminton.com
Patrick C. Clutter
Texas Bar No. 24036374
E-Mail: patrickclutter@potterminton.com
**POTTER MINTON, PC**
110 North College Suite 500
Tyler, TX 75702
Telephone:  (903) 597-8311
Facsimile:  (903) 593-0846

**ATTORNEYS FOR DEFENDANT
ADP, LLC**

5

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2017, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system in accordance with this Court's Local Rules.

*Aaron S. Jacobs*
Aaron S. Jacobs