IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC., et al.,<br>　　Plaintiffs,<br><br>v.<br><br>ADP, LLC,<br>　　Defendant. | §<br>§<br>§　Case No. 2:16-cv-00741-RWS<br>§　　　　LEAD CASE<br>§<br>§<br>§<br>§ |

**EMERGENCY OPPOSED RULE 62.1 MOTION FOR AN INDICATIVE RULING ON A MOTION FOR RELIEF THAT IS BARRED BY A PENDING APPEAL**

　　Uniloc moves under Federal Rule of Civil Procedure 62.1 for an indicative ruling stating that the Court would grant a motion to vacate the judgment in this action, as to ADP, LLC ("ADP") (but not as to its co-defendant, Big Fish Games, Inc. ("Big Fish")) if the United States Court of Appeals for the Federal Circuit remands for that purpose, as laid out in the attached Proposed Order.

　　Uniloc files this as an Emergency Motion, because a speedy ruling would assist the Federal Circuit to rule on a motion to dismiss the appeal ADP filed in that court on January 5, 2018.

Previous Motions

　　This motion is somewhat similar to earlier joint motions the Court denied, Dkt. 281, but, because of developments in the Federal Circuit appeal, the situation has changed markedly.

　　To review, on September 28, 2017, this Court issued a Memorandum Opinion and Order (the "September 28 Order") dismissing this action against ADP and a related action against Big Fish, Dkt. 267, and entered final judgment in both actions on October 20. Dkt. 269.  On October 31, Uniloc and ADP jointly submitted, and then resubmitted, a Stipulation and Joint Motion to Vacate the Judgment, in the *ADP* action only. Dkts. 273, 278.  The Court denied the joint

1

request, Dkt. 281, forcing Uniloc to file a notice of appeal of the September 28 Order in the *ADP* action. Dkt. 280.

## Jurisdiction

Filing of that notice caused the transfer of jurisdiction of the *ADP* action from this Court to the Federal Circuit. Because that transfer deprives this Court of the authority to grant the relief this motion requests, Uniloc now asks for an indicative ruling stating that the Court would dismiss the action, if the Court of Appeals remits for that purpose.

## Basis for the Motion

This action accused ADP of infringing four patents (the "Cox patents"), which had issued to International Business Machines (IBM). Uniloc purchased the rights to those patents from IBM in February 2016 (Etchegoyen Decl., ¶2). Uniloc filed suit against ADP in October 2016, alleging Uniloc had all rights to sue on those patents (*id.*, ¶3).

## The September 27 Agreement

In early September 2017, IBM notified Uniloc that it was discussing with ADP a potential agreement, one aspect of which would obligate IBM to obtain from Uniloc a dismissal with prejudice of this action (*id.*, ¶4). After further discussion, IBM and Uniloc tentatively agreed that, in return for consideration running from IBM to Uniloc, Uniloc would file a stipulation dismissing the *ADP* action with prejudice (*id.*, ¶5).

On September 21, an attorney for Uniloc sent to attorneys for ADP a draft Stipulation of Dismissal with Prejudice, asking for ADP's revisions (*id.*, ¶6 & Ex. A). The ADP attorneys responded they had not received instructions from their client (Etchegoyen Decl., ¶6).

On September 26-27, Uniloc and IBM executed an agreement ("the September 27 Agreement") (*id.*, ¶7 & Ex. B), which was intended to end this action, against ADP.

The signatories mistakenly believed the stipulation of discontinuance had already been filed with the Court (Etchegoyen Decl., ¶7).  Thus, the agreement read:

> Uniloc and ADP, LLC are parties to the following action: *Uniloc USA, Inc. and Uniloc Luxembourg, S. A. v. ADP, LLC*, No. 2:2016-cv-00741 (EDTX)(the "Action")
>
> Uniloc has provided evidence that, counsel for Uniloc has executed and filed with the Court a Stipulation of Dismissal with Prejudice of all claims in the action against ADP.

Ex. B.  However, the Stipulation of Dismissal with Prejudice had not yet been filed.  Thus, when the Court issued its September 28 Order dismissing the action on the merits, the Court would have been unaware of the September 27 Agreement, between IBM and Uniloc.

The purpose of the September 27 IBM-Uniloc Agreement had been to get ADP out of the case, permanently.  Had the Stipulation of Dismissal with Prejudice been filed before the Court's September 28 Order, ADP would have been out of the case before the Court's Order.  But because the Court issued the September 28 Order only a day after the September 27 Agreement, and the timing of the Order was unexpected, the parties did not have sufficient time or warning to file a Stipulation of Dismissal with Prejudice before the September 28 Order issued.

<u>Next Steps</u>

At that point, Uniloc and ADP were in a quandary, as to how to proceed.  The entry of the September 28 Order in this *ADP* action ruled out filing a simple Stipulation of Dismissal with Prejudice as to ADP because the *ADP* September 28 Order, if left standing and unappealed, could create issue preclusion as to the Cox patents.

So Uniloc and ADP instead filed a Stipulation and Joint Motion requesting the Court to vacate the judgment, as to ADP only, and advised the Court that they had settled, but conditioned on vacatur, to avoid creating issue estoppel. Dkt. 273.  After the Court twice denied that request,

3

Uniloc filed a notice of appeal of the September 28 Order, but this time as to ADP, on November 20. Dkt. 280.[1] (Uniloc had previously filed a notice of appeal as to Big Fish, on October 27. Dkt. 271).

## Subsequent Developments

The situation, as to ADP, has since become more complicated. On January 5, 2018, ADP filed a motion in the Federal Circuit asking for dismissal of the appeal, arguing there is no longer any case or controversy, because IBM had given it a license and a release on October 27, ostensibly under the September 27 Agreement. (Gannon Decl., Ex. 1).

If ADP is correct that the appeal should be dismissed as a result of the September 27 Agreement giving IBM the right to license ADP and grant a release, then Uniloc would have lost its standing to continue the action against ADP when the September 27 Agreement was executed, before the Court issued the September 28 Order.

## What to Do Now

Uniloc will respond to ADP's motion in the Federal Circuit, and, in that response, will ask that court to sort out what should happen next. Uniloc believes the September 28 Order in *ADP* should not create issue preclusion if Uniloc, through no fault of its own, cannot pursue an appeal. For that reason, the Federal Circuit may deny the motion, finding there is a case or controversy sufficient to keep ADP in the appeal. But it is equally, or perhaps more, likely, that the Federal Circuit will rule that the issue of what effect should be given to the September 27 Agreement is an issue that should be decided, in the first instance, at the District Court.

---

[1] On December 20, Uniloc also filed a Notice of Appeal of that denial. Dkt. 286.

4

To facilitate review of the entire controversy in the Federal Circuit, Uniloc is filing this motion to give this Court the opportunity to either vacate the judgment, and end the preclusion controversy, or provide its views to that court as to why it refuses to do so.

Importantly, Uniloc is only asking the Court to vacate the judgment as to ADP, and not as to Big Fish, the other defendant that received the identical judgment. *See* Dkts. 267 and 269. The Big Fish judgment will remain in effect. Uniloc has appealed the Big Fish judgment, and thus the Federal Circuit will fully review that judgment. Therefore, the only practical effect of vacating the *ADP* judgment will be to relieve the Federal Circuit of the burden of sorting out the preclusion issue.

Before the September 28 Order, Uniloc and IBM had agreed to dismiss ADP with prejudice, and to fulfill that agreement, would now like to dismiss ADP from the appeal. However, if the appeal as to ADP were voluntarily withdrawn without the Court's Order and Final Judgment being vacated as to ADP, then the Order and Judgment could have preclusive effect as to the rest of the world, including even as to Big Fish and all other defendants accused of infringing the Cox patents. This would vitiate Uniloc's Big Fish appeal and bar any further enforcement of the Cox patents-in-suit. On the other hand, if the Order and Judgment are vacated as to ADP, those rulings would remain in effect as to the rest of the world (because of the Big Fish judgment) and the appeal as to Big Fish would continue.

## Conclusion

For the above reasons, Uniloc respectfully requests the Court to indicate that, if the Federal Circuit remands for that purpose, this Court will vacate its Judgment, entered October 20, 2017 (Docket No. 269), and Order, dated September 28, 2017 (Docket No. 267), as to ADP only, but not as to any other defendant.

Date: January 11, 2018            Respectfully submitted,

/s/ James J. Foster
Paul J. Hayes
James J. Foster
Kevin Gannon
Prince Lobel Tye LLP
One International Place - Suite 3700
Boston, MA 02110
Tel: 617-456-8000
Email: phayes@princelobel.com
Email: jfoster@princelobel.com
Email: kgannon@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nelbum.com
Texas State Bar No. 24061270
NELSON BUMGARDNER PC
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone: (817) 377-9111

*ATTORNEYS FOR THE PLAINTIFFS*

CERTIFICATE OF CONFERENCE

    Pursuant to Local Rules CV-7(h) and (i), I hereby certify that on January 10, 2018, I conferred with counsel of record for ADP regarding the subject matter of this Motion. ADP is opposed to the above motion.

/s/ James J. Foster

CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 11, 2018.

/s/ James J. Foster

6

2856855.v1