IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC., et al., § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> ADP, LLC, § <br>     Defendant. § | Case No. 2:16-cv-00741-RWS |

**REPLY MEMORANDUM OF UNILOC TO ADP RESPONSE
RE RULE 62.1 MOTION FOR AN INDICATIVE RULING**

Uniloc submits this brief Reply to arguments that it could not reasonably have anticipated in ADP's Response ("Resp.") (Docket No. 299), filed Monday.

**Standing under *Wiav Solutions***

By virtue of the September 27, 2017, Amendment, ADP had the ability to obtain a license from another party (IBM) with the right to grant it. Uniloc thus cited *Wiav Solutions, LLC v. Motorola, Inc.*, 631 F.3d 1257, 1266 (Fed. Cir. 2010):

> [A]n exclusive licensee lacks standing to sue a party for infringement if that party holds a pre-existing license under the patent to engage in the allegedly infringing activity. Similarly, *an exclusive licensee lacks standing to sue a party who has the ability to obtain such a license from another party with the right to grant it*. In both these scenarios, *the exclusive licensee does not have an exclusionary right with respect to the alleged infringer* and thus is not injured by that alleged infringer. But if an exclusive licensee has the right to exclude others from practicing a patent, and a party accused of infringement does not possess, and is incapable of obtaining, a license of those rights from any other party, the exclusive licensee's exclusionary right is violated.

(Emphasis added). The court's ruling, applied to the facts here, means the Amendment's granting IBM a right to license ADP deprived Uniloc of an exclusionary right with respect to ADP.

But ADP argues, Resp. at 4-5, citing *Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, 604 F. 3d 1354, 1359-60 (Fed. Cir. 2010) to support an argument that a patent owner retains the right to sue until it transfers all substantial rights to a licensee.

There are two problems, however, with ADP's reliance on that case. The first is as to whether Uniloc remains the "owner" as to claims against ADP. In that action, although the plaintiff patent owner, like Uniloc here, had given to a third party licensee a right to sublicense, unlike here: "the license agreement specifies sublicense terms that would prevent such sublicenses from rendering illusory [plaintiff's] right to sue those defendants." *Id*. at 1362. The court distinguished that situation from those, such as with IBM and ADP here, in which the right to sublicense is unfettered, citing *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1251 (Fed. Cir. 2000) (licensor's right to sue is rendered illusory by the licensee's ability to settle licensor-initiated litigation by granting royalty-free sublicenses to the accused infringers).

Because plaintiff's right to sue was not illusory, the court held plaintiff retained a "right to sue substantial enough to find [it] remains the owner of the patents-in-suit." *Alfred E. Mann*, 604 at 1361. The court thus held, on those facts, plaintiff retained <u>constitutional</u> standing to sue those defendants. But here, under *Wiav*, *Alfred E. Mann*, and *Speedplay*, Uniloc's right to sue would be regarded as illusory, and it would not be regarded as the owner of claims against ADP.

Second, ADP also overlooked a critical portion of the *Alfred E. Mann* opinion. Because the licensee that had the right to sublicense was not a party, the court remanded for a determination of whether the case should be dismissed for lack of <u>prudential</u>

standing. *Id*. at 1363.[1] The court instructed the District Court to address the merits of the claims only if "all standing issues are resolved favorably to" the plaintiff. *Id*.

In this action, even if, despite IBM's post-Amendment right to sublicense ADP, Uniloc is considered to remain as the patent owner as against ADP, Uniloc lacked prudential standing as against ADP, because IBM –which had the right to grant ADP a license – was not a party to the action. This result seems mandated by the portion of *Wiav* quoted above, as well as by other Federal Circuit opinions emphasizing the importance to standing of a nonparty's right to grant a license. *Speedplay,* 211 F.3d at 1251.

### The Agreement to Dismiss with Prejudice

ADP does not appear to contest that execution of the Amendment on September 27 contractually bound Uniloc, as of that date. Nor does ADP appear to contest that the Amendment would prevent Uniloc as of September 27 from obtaining a remedy against ADP in this action or in any new action Uniloc might file, even if IBM did not license or release ADP[2]. That a party can no longer obtain a remedy is a classic definition of mootness, as ADP has itself

---

[1] If two entities have constitutional standing (*i.e.*, each is constitutionally injured in fact by the infringement), a court may dismiss an infringement action if both are not parties to the action. *Morrow v. Microsoft Corp*., 499 F.3d 1322, 1338-40 (Fed. Cir. 2007) (describing constitutional and prudential standing requirements). That was the prudential standing issue the Federal Circuit directed the District Court to take up on remand in *Alfred E Mann*. The prudential standing issue did not arise in *Wiav,* because Wiav had added the patent owner to the suit. *Wiav*, 631 F.3d at 1265 n.1.

[2] Uniloc disagrees with ADP's position that the claims against ADP "became" moot on October 27, 2017. Uniloc's position has been that execution of the Amendment rendered this action moot on September 27, 2017. Docket No. 289, p. 4; Docket No. 297, pp. 6-7. In briefing its response to ADP's motion to dismiss the appeal, Uniloc noted the parties' difference over the issue, but pointed out that the judgment had to be vacated under either mootness date. Appeal Docket, D. I. 36, pp. 5-6.

3

argued in its motion in the Federal Circuit – to dismiss the appeal as moot because Uniloc can no longer obtain a remedy. *Gerdau Ameristeel Corp. v. United States*, 519 F.3d 1336, 1340 (Fed. Cir. 2008)(citing *Steffel v. Thompson*, 415 U.S. 452, 460 n. 10 (1974))("[T]o avoid dismissal for mootness, an actual controversy must remain at all stages, not merely at the time the complaint is filed."); *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) ("Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists.  If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction.")

ADP's discussion of its knowledge of the September 27 Amendment, Resp. at 2-3, is disingenuous, at best.  ADP was aware on September 21 that Uniloc had agreed with IBM to dismiss the action with prejudice, as Uniloc on that date sent to ADP's counsel a draft stipulation to that effect. Docket No. 289-3, ¶ 6, Ex. A).  The stipulation, however, did not get filed before the September 28 Order because ADP's counsel did not get around to finalizing the draft.  Had it done so, the filing of the *ADP* notice of appeal, and this extended motion practice, might have been avoided. Docket No. 270.

Date: May 2, 2018                                    Respectfully submitted,

/s/ James J. Foster
Paul J. Hayes
James J. Foster
Kevin Gannon
**PRINCE LOBEL TYE LLP**
One International Place - Suite 3700
Boston, MA 02110
Tel: 617-456-8000
Email: phayes@princelobel.com
Email: jfoster@princelobel.com
Email: kgannon@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nelbum.com
Texas State Bar No. 24061270
**NELSON BUMGARDNER ALBRITTON PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone: (817) 377-9111

*ATTORNEYS FOR THE PLAINTIFFS*

CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 2, 2018.

/s/ James J. Foster

5